


# United States
## District Court
Eastern District of Washington
Office of the Clerk

**JAMES R. LARSEN**
District Court Executive/Clerk of Court



United States District Court
Northern District of California
Phillip Burton US Courthouse, 16 Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

Attention:   Criminal Section

In Re:   USA vs Maya A. Finnie
         Eastern District of Washington Case No.: CR-02-034-WFN

Dear Sir or Madam:

Enclosed please find a certified copy of the Transfer of Jurisdiction. Also enclosed are certified copies of the Indictment, Judgment in a criminal case, and public docket sheet. The financial information will be sent under separate cover.

Please acknowledge receipt of this letter on the copy and return it to our office. Thank you.

JAMES R. LARSEN, CLERK

By: s/Cheryl Switzer, Deputy Clerk

Enclosures

I ACKNOWLEDGE RECEIPT OF THE ABOVE-REFERENCED DOCUMENTS ON
DATE: _____.

By: _____
    Deputy Clerk

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 2:02CR00034-001 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
OCT 10 2007
JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

ORIGINAL

07 SEP 27 PM 4:28
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. [...]

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Maya A. Finnie | DISTRICT Eastern District of Washington | DIVISION Spokane |
|---|---|---|
| | NAME OF SENTENCING JUDGE Honorable Wm. Fremming Nielsen, Senior U.S. District Judge | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM March 9, 2007  TO March 8, 2012 |

CR 07 00620 JW

### OFFENSE

Distribution of More than 5 Grams of Cocaine Base, 21 U.S.C. § 841(a)(1); Distribution of More than 50 Grams of Cocaine Base, 21 U.S.C. § 841(a)(1); Conspiracy to Possess With the Intent to Distribute and Distribution of More than 50 Grams of Cocaine Base, 21 U.S.C. § 841(a)(1) and 846

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Eastern District of Washington

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the [NDTCA] upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

9/17/07
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Northern District of California

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

SEP 25 2007
_____
Effective Date

James Ware
_____
United States District Judge

Attest A True Copy
James R. Larsen Clerk
United States District Court
Eastern District of Washington
By _____
   Deputy Clerk

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

JUL 0 8 2002

JAMES R. LARSEN, CLERK
_____ DEPUTY

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Eastern District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Maya A. Finnie | Case Number: 2: 02CR00034-001 |
| | Rosanna m. Peterson |
| | Defendant's Attorney |

**THE DEFENDANT:**

[X] pleaded guilty to count(s): 1, 2, 3, 4, 5, and 6 of indictment
[ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of More than 5 Grams of Cocaine Base, 18 USC 2 | 01/11/02 | 1 and 2 |
| 21 U.S.C. § 841(a)(1) | Distribution of More than 50 Grams of Cocaine Base, 18 USC 2 | 01/31/02 | 3, 4, and 5 |
| 21 U.S.C. § 846 | Conspiracy to Possess With Intent to Distribute & Distribute Cocaine Base 21 USC 841(a)(1) & 18 USC 2 | 02/01/02 | 6 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: XXX-XX-735

Defendant's Date of Birth: XX/XX/1969

Defendant's USM No.: 10412-085

Defendant's Residence Address:
5028 N. Elgin
Spokane, WA 99205

Defendant's Mailing Address:
Same as above

07/08/02
Date of Imposition of Judgment

/s/ signature
Signature of Judicial Officer

The Honorable Wm. Fremming Nielsen
Name and Title of Judicial Officer

Judge, U.S. District Court

Date: July 8, 02

Attest A True Copy
James R. Larsen Clerk
United States District Court
Eastern District of Washington
By /s/ Cheryl _____
Deputy Clerk

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment

CASE NUMBER: 2:02CR00034-001  Judgment - Page 2 of 6
DEFENDANT: Maya A. Finnie

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 84 month(s)
as to each count, to run concurrently with one another.

[x] The court makes the following recommendations to the Bureau of Prisons:
Credit for time served. Placement at the Dublin, CA facility, with participation in the 500 Hour Intensive Drug Treatment Program and the Inmate Financial Responsibility Program.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
  [ ] at _____ on _____
  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before _____ on _____
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER: 2:02CR00034-001            Judgment - Page 3 of 6
DEFENDANT: Maya A. Finnie

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    5    year(s) on counts 3 through 6, and 4 years of supervised release on counts 1 & 2. These terms of supervised release are to run concurrently with one another.

[x] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 2:02CR00034-001　　　　　　　　　　　　　　　　　　　Judgment - Page 4 of 6
DEFENDANT: Maya A. Finnie

### Continuation of Conditions of [x] Supervised Release ☐ Probation

While on supervised release, the defendant shall comply with the standard conditions of supervision adopted by this Court. Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the probation office in the district to which the defendant is released. The defendant shall comply with the following special conditions:

1. You shall be prohibited from possessing or having access to any firearm, dangerous weapon, or ammunition, including any explosive device. This prohibition continues even after the period of supervision, unless that right is specifically restored to you according to federal law.

2. You shall submit your person, residence, office, or vehicle to a search, conducted by or at the direction of the supervising probation officer, in a reasonable manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

3. You shall undergo a substance abuse evaluation as directed by the supervising probation officer, and if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall allow full reciprocal disclosure between the probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability, as determined by the supervising probation officer.

4. You shall abstain from the use of illegal controlled substances, and shall submit to testing (including urinalysis and patch), as directed by the supervising probation officer, in order to confirm your continued abstinence from these substances.

5. You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, in order to confirm your continued abstinence from this substance.

6. You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

7. You shall complete 200 hours of community service work, at the rate of not less than 40 hours per year at a not-for-profit site approved in advance by the supervising probation officer. The hours are to be completed no later than the termination of your supervision.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
    Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 5 of 6

CASE NUMBER: 2: 02CR00034-001
DEFENDANT: Maya A. Finnie

## CRIMINAL MONETARY PENALTIES

  The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $600.00 | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |

☐ See Continuation Page

| **TOTALS** | $0.00 | $0.00 | |
|---|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 5, Part B — Criminal Monetary Penalties

Judgment - Page 6 of 6

CASE NUMBER: 2: 02CR00034-001
DEFENDANT: Maya A. Finnie

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C,  ☐ D, or  ☐ E below; or

B ☒ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in __equal__ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in __equal__ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of __week(s)__ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:

Through the Inmate Financial Responsibility Program and/or during the term of supervised release, if not previously satisfied.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Case Number, Defendant Name, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.          ☐ See Continuation Page

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

James A. McDevitt
United States Attorney
Eastern District of Washington
Rolf H. Tangvald
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 05 2002

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MAYA A. FINNIE,
JACLYN M. TSUKAMOTO,
MICHAEL DARRELL HESS,
  a/k/a DARNELL TURNER,
  a/k/a "C BOY",
  a/k/a "C DOG",
CAROL SOLOMON,
  a/k/a CAROL BRADY,

Defendants.

CR-02-034-WFN

INDICTMENT

Vio: 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2
Distribution of Cocaine Base (Counts 1-5)

Vio: 21 U.S.C. § 846
Conspiracy to Possess With Intent to Distribute and Distribute Cocaine Base (Count 6)

Vio: 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2
Possession With the Intent to Distribute Cocaine Base (Count 7)

The Grand Jury Charges:

COUNT 1

That on or about January 8, 2002, in the Eastern District of Washington, MAYA A. FINNIE and MICHAEL DARRELL HESS, a/k/a DARNELL TURNER, a/k/a "C BOY", a/k/a "C DOG", did knowingly and unlawfully distribute more than 5 grams of a substance containing cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

COUNT 2

That on or about January 11, 2002, in the Eastern District of Washington,

INDICTMENT - 1
P20204BF.RTB.wpd

1  MAYA A. FINNIE and CAROL SOLOMON, a/k/a CAROL BRADY, did
2  knowingly and unlawfully distribute more than 5 grams of a substance containing
3  cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C.
4  § 841(a)(1) and 18 U.S.C. § 2.

## COUNT 3

6  That on or about January 17, 2002, in the Eastern District of Washington,
7  MAYA A. FINNIE, MICHAEL DARRELL HESS, a/k/a DARNELL TURNER,
8  a/k/a "C BOY", a/k/a "C DOG", and JACLYN M. TSUKAMOTO, did knowingly
9  and unlawfully distribute more than 50 grams of a substance containing cocaine
10 base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §
11 841(a)(1) and 18 U.S.C. § 2.

## COUNT 4

13 That on or about January 24, 2002, in the Eastern District of Washington,
14 MAYA A. FINNIE and MICHAEL DARRELL HESS, a/k/a DARNELL
15 TURNER, a/k/a "C BOY", a/k/a "C DOG", did knowingly and unlawfully
16 distribute more than 50 grams of a substance containing cocaine base, a Schedule
17 II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18
18 U.S.C. § 2.

## COUNT 5

20 That on or about January 31, 2002, in the Eastern District of Washington,
21 MAYA A. FINNIE, MICHAEL DARRELL HESS, a/k/a DARNELL TURNER,
22 a/k/a "C BOY", a/k/a "C DOG", and JACLYN M. TSUKAMOTO, did knowingly
23 and unlawfully distribute more than 50 grams of a substance containing cocaine
24 base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §
25 841(a)(1) and 18 U.S.C. § 2.

## COUNT 6

27 That beginning on or about January 8, 2002, and continuing through on or
28 about February 1, 2002, in the Eastern District of Washington, MAYA A.

INDICTMENT - 2
P20204BF.RTB.wpd

1  FINNIE, MICHAEL DARRELL HESS, a/k/a DARNELL TURNER, a/k/a "C
2  BOY", a/k/a "C DOG", JACLYN M. TSUKAMOTO, and CAROL SOLOMON,
3  a/k/a CAROL BRADY, did willfully, and knowingly combine, conspire,
4  confederate and agree together with each other and with other persons, both
5  known and unknown to the grand jury, to commit the following offense against the
6  United States, to wit: Possession With the Intent to Distribute and the Distribution
7  of more than 50 grams of a substance containing cocaine base, a Schedule II
8  narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C.
9  § 2; all in violation of 21 U.S.C. § 846.

10                              COUNT 7
11      That on or about February 1, 2002, in the Eastern District of Washington,
12  MICHAEL DARRELL HESS, a/k/a DARNELL TURNER, a/k/a "C BOY", a/k/a
13  "C DOG", did knowingly and unlawfully possess with the intent to distribute a
14  substance containing cocaine base, a Schedule II narcotic controlled substance, in
15  violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

17      DATED this __5th__ day of February, 2002.
18                              A TRUE BILL

20                              _____
                                Presiding Juror

24  James A. McDevitt
    United States Attorney

    Attest A True Copy
    James R. Larsen Clerk
    United States District Court
    Eastern District of Washington
    By _____
                Deputy Clerk

26  Rolf H. Tangvald
27  Assistant United States Attorney

INDICTMENT - 3
P20204BF.RTB.wpd

PENALTY SLIP

DEFENDANT NAME: **MAYA A. FINNIE**

SSAN: UNK

DOB: 12/1/69

TOTAL NO. COUNTS: 6

VIO: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
**Distribution of Cocaine Base (Counts 1, 2)**

PENALTY: **CAG a minimum of 5 years but not more than 40 years;**
**and/or $2,000,000 fine;**
a minimum of 4 years but not more than life supervised release;
a $100 special penalty assessment ;
**Denial of Certain Federal Benefits (21 U.S.C. §§ 862 and 862(a))**

**IN THE ALTERNATIVE,** if the Defendant has a prior drug conviction for a felony drug offense:

PENALTY: **CAG a minimum of 10 years but not more than life;**
**and/or a $4,000,000 fine;**
a minimum of 8 years but not more than life supervised release;
a $100 special penalty assessment;
**Denial of Certain Federal Benefits (21 U.S.C. §§ 862 and 862(a))**

VIO: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
**Distribution of Cocaine Base(Counts 3,4, 5)**

PENALTY: **CAG a minimum of 10 years but not more than life;**
**and/or $4,000,000 fine;**
a minimum of 5 years but not more than life supervised release;
a $100 special penalty assessment;
**Denial of Certain Federal Benefits (21 U.S.C. §§ 862 and 862(a))**

P20204BF.RTL.wpd

**IN THE ALTERNATIVE,** if the Defendant has a prior drug conviction for a felony drug offense:

PENALTY: **CAG a minimum of 20 years but not more than life;
and/or a $8,000,000 fine;
a minimum of 10 years but not more than life supervised release;
a $100 special penalty assessment;
Denial of Certain Federal Benefits (21 U.S.C. §§ 862 and 862(a))**

VIO: **21 U.S.C. § 846
Conspiracy to Possess With Intent to Distribute and Distribute Cocaine Base (Count 6)**

PENALTY: **CAG a minimum of 10 years but not more than life;
and/or $4,000,000 fine;
a minimum of 5 years but not more than life supervised release;
a $100 special penalty assessment;
Denial of Certain Federal Benefits (21 U.S.C. §§ 862 and 862(a))**

**IN THE ALTERNATIVE,** if the Defendant has a prior drug conviction for a felony drug offense:

PENALTY: **CAG a minimum of 20 years but not more than life;
and/or a $8,000,000 fine;
a minimum of 10 years but not more than life supervised release;
a $100 special penalty assessment;
Denial of Certain Federal Benefits (21 U.S.C. §§ 862 and 862(a))**

CASE NO. **CR- 02-034 - WFN**

AUSA INITIAL _____

P20204BF.RTL.wpd

CLOSED, LC01, SR-VIOLATION

# Eastern District of Washington
## U.S. District Court (Spokane)
### CRIMINAL DOCKET FOR CASE #: 2:02-cr-00034-WFN All Defendants

Case title: USA v. Finnie  
Magistrate judge case number: 2:02-mj-00051

Date Filed: 02/05/2002

Assigned to: Senior Judge Wm. Fremming Nielsen

**Defendant**

**Maya A Finnie (1)**

represented by **Rosanna Malouf Peterson**  
Rosanna Peterson Law Office  
P O Box 30742  
Spokane, WA 99223-3041  
509-443-6329  
Fax: 15094482992  
Email: rosannapeterson@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: CJA Appointment*

**Pending Counts**

21 USC Section 841(a)(1) and 18 USC Section 2 DISTRIBUTION OF COCAINE BASE  
(1)

21 USC Section 841(a)(1) and 18 USC Section 2 DISTRIBUTION OF COCAINE BASE  
(2-5)

21 USC Section 846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE COCAINE BASE  
(6)

**Disposition**

Imprisonment of 84 months as to each count to run concurrently with one another; supervised release 5 years; special assessment $600.00; fine waived

Imprisonment of 84 months as to each count to run concurrently with one another; supervised release 5 years; special assessment $600.00; fine waived

Imprisonment of 84 months as to each count to run concurrently with one another; supervised release 5 years; special assessment $600.00; fine waived

**Highest Offense Level (Opening)**

Felony

Attest A True Copy  
James R. Larsen Clerk  
United States District Court  
Eastern District of Washington  
By _____  
Deputy Clerk

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                     **Disposition**

None

---

**Plaintiff**

USA                                    represented by  **Rolf H Tangvald**
                                                       U S Attorney's Office - SPO
                                                       920 W Riverside Suite 300
                                                       P O Box 1494
                                                       Spokane, WA 99210-1494
                                                       509-353-2767
                                                       Fax: 4623866
                                                       Email:
                                                       USAWAE.RTangvaldECF@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/04/2002 | 1 | COMPLAINT filed against defendant Maya A Finnie by Magistrate Judge Cynthia Imbrogno [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 2 | ARREST Warrant returned executed as to defendant Maya A Finnie; defendant arrested on 1/31/02 [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 3 | MOTION by USA for detention hearing [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 4 | MINUTES: Hearing Location: Spokane, WA CR/ER: CD #02-07 before Magistrate Judge Cynthia Imbrogno initial appearance of Maya A Finnie; Attorney present; [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 5 | CJA Form 23 (Financial Affidavit) [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 6 | CJA Form 20 Copy 4 (Appointment of Counsel) Rosanna Malouf Peterson appointed [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 7 | ACKNOWLEDGEMENT of notice of rights [ 2:02-m -51 ] (LE) (Entered: 02/05/2002) |
| 02/04/2002 | 8 | ORDER of Temporary Detention pending Hearing Pursuant to Bail Reform Act by Magistrate Judge Cynthia Imbrogno granting motion for |

|            |    |                                                                                                                                                                                                                                        |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | detention hearing [3-1] probable cse hrg set before Magistrate Judge Cynthia Imbrogno 2:00 2/6/02 for Maya A Finnie Spokane, WA (cc: USA,USM,Prob,Atty) [ 2:02-m -51 ] (LE) (Entered: 02/05/2002)                                       |
| 02/05/2002 | 9  | INDICTMENT by USA Rolf H Tangvald. Maya A Finnie counts 1, 2, 3, 4, 5, and 6 (S/CI) AUSA seeks detention (RF) (Entered: 02/07/2002)                                                                                                    |
| 02/07/2002 | 10 | MINUTES: Hearing Location: Spokane ER: CD 02-08 before Magistrate Judge Cynthia Imbrogno ARRAIGNMENT; dft Maya A Finnie arraigned; not guilty plea entered Attorney present; probable cause hearing held (RF) (Entered: 02/07/2002)    |
| 02/07/2002 | 11 | ACKNOWLEDGEMENT of notice of rights (RF) (Entered: 02/07/2002)                                                                                                                                                                         |
| 02/07/2002 | 12 | PRETRIAL DETENTION ORDER AND ORDER FOLLOWING ARRAIGNMENT by Magistrate Judge Cynthia Imbrogno (cc: all counsel, USM & Probation) (RF) (Entered: 02/07/2002)                                                                            |
| 02/07/2002 | 13 | ORDER regarding discovery and pretrial motions by Magistrate Judge Cynthia Imbrogno (cc: USA, ATTY) (RF) (Entered: 02/07/2002)                                                                                                         |
| 02/12/2002 |    | Criminal Status Conference Notice ;pretrial conf set 8:30 3/18/02 for Maya A Finnie Spokane, WA ; jury trial set 1:00 4/8/02 for Maya A Finnie Spokane, WA (FmrEmp) (Entered: 02/12/2002)                                              |
| 03/05/2002 |    | Courtroom Deputy Modification (Utility Event) ;change of plea hrg set 10:00 3/11/02 for Maya A Finnie Spokane, WA (FmrEmp) (Entered: 03/05/2002)                                                                                        |
| 03/11/2002 | 14 | MINUTES: Hearing Location: Spokane CR: Topper Baker before Judge Wm. Fremming Nielsen change of plea hearing held; pretrial conference and jury trial vacated (RF) (Entered: 03/11/2002)                                               |
| 03/11/2002 | 15 | ORDER RE: SCHEDULE FOR GUIDELINE SENTENCING by Judge Wm. Fremming Nielsen Setting Schedule for Guideline Sentencing ;sentencing set 9:30 6/3/02 for Maya A Finnie Spokane, WA (cc:USA, atty, USM, PROB) (RF) (Entered: 03/11/2002)     |
| 03/11/2002 | 16 | ORDER ACCEPTING GUILTY PLEA by Judge Wm. Fremming Nielsen Maya A Finnie enters guilty plea; (cc: all counsel) (RF) (Entered: 03/11/2002)                                                                                               |
| 03/11/2002 | 17 | PLEA Agreement (cc: all counsel and PROB) (RF) (Entered: 03/11/2002)                                                                                                                                                                   |
| 05/06/2002 | 18 | MOTION by USA for downward departure based on substantial assistance (RF) (Entered: 05/06/2002)                                                                                                                                         |
| 05/06/2002 | 19 | Memorandum by plaintiff USA in support of motion for downward departure based on substantial assistance [18-1] (RF) (Entered: 05/06/2002)                                                                                              |
| 06/03/2002 |    | Courtroom Deputy Modification (Utility Event) ;sentencing hrg set 9:00 7/8/02 for Maya A Finnie Spokane, WA (FmrEmp) (Entered: 06/03/2002)                                                                                              |

| | | |
|---|---|---|
| 06/03/2002 | 20 | MINUTES: Hearing Location: Spokane CR: Topper Baker before Judge Wm. Fremming Nielsen Motion for continuance of sentencing GRANTED and reset to 7/8/02 at 9:00 S/WFN (RF) (Entered: 06/03/2002) |
| 06/03/2002 | 21 | ORDER by Judge Wm. Fremming Nielsen sentencing hrg set 9:00 7/8/02 for Maya A Finnie Spokane, WA (cc: all counsel, USM & Probation) (RF) (Entered: 06/03/2002) |
| 07/08/2002 | 22 | MINUTES: Hearing Location: Spokane CR: Topper Baker before Judge Wm. Fremming Nielsen sentencing hearing held; Defendant received 84 months imprisonment; 5 years supervised release; $600.00 special assessment; fine waived (RF) (Entered: 07/08/2002) |
| 07/08/2002 | 23 | ORDER by Judge Wm. Fremming Nielsen granting motion for downward departure based on substantial assistance [18-1] Defendant's offense level is reduced by five levels to 26; US Probation shall append a copy of these findings to the Presentence Investigation Report (cc: all counsel, USM & Probation) (RF) (Entered: 07/08/2002) |
| 07/08/2002 | 24 | JUDGMENT sentencing Maya A Finnie counts 1, 2-5 and 6 . Imprisonment of 84 months as to each count to run concurrently with one another; supervised release 5 years; special assessment $600.00; fine waived , case terminated CROB: 82-26 (cc : USA, USM, PROB, ATTY) (RF) (Entered: 07/08/2002) |
| 09/11/2003 | | SPECIAL ASSESSMENT - $25.00 paid (BOP - Receipt No. 55863). (TL) (Entered: 10/22/2003) |
| 12/10/2003 | | SPECIAL ASSESSMENT - $25.00 paid (BOP - Receipt No. 56773). (TL) (Entered: 01/20/2004) |
| 03/11/2004 | | SPECIAL ASSESSMENT - $25.00 paid (BOP - Receipt No. 57706). (TL) (Entered: 05/05/2004) |
| 06/14/2004 | | SPECIAL ASSESSMENT - $25.00 paid (BOP Payment Report 6/04). (TL) (Entered: 07/20/2004) |
| 10/05/2004 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: 09/04 IPAC (TL, ) (Entered: 11/02/2004) |
| 07/01/2005 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: 07/05 IPAC (TL, ) (Entered: 07/21/2005) |
| 10/03/2005 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: 10/05 IPAC (TL, ) (Entered: 11/01/2005) |
| 01/03/2006 | | SPECIAL ASSSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: 01/06 IPAC (TL, ) (Entered: 01/24/2006) |
| 04/03/2006 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $50.00 Receipt #: 04/06 IPAC (TL, ) (Entered: 04/18/2006) |
| 06/05/2006 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: 06/06 IPAC (TL, ) (Entered: 06/08/2006) |

| 06/13/2006 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: 07/06 IPAC (KH, ) (Entered: 07/19/2006) |
|---|---|---|
| 07/11/2006 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: IPAC 08/06 (SMP, ) (Entered: 08/07/2006) |
| 08/11/2006 | | SPECIAL ASSESSMENT PAYMENT RECEIVED from BOP. Amount: $25.00 Receipt #: IPAC 09/06 (SMP, ) (Entered: 09/07/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/11/2007 14:16:30 | | |
| **PACER Login:** us4516 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 2:02-cr-00034-WFN |
| **Billable Pages:** 3 | **Cost:** | 0.24 |